**O'BRIEN & O'BRIEN, LLP**
**LAW OFFICES**
**168 SMITHTOWN BLVD.**
**NESCONSET, NEW YORK 11767**
**(631) 265-6660**
**Facsimile: (631) 265-3991**
**www.obrienandobrienlaw.com**

FRANCIS E. O'BRIEN (1923-1994)
DANIEL P. O'BRIEN*
STEPHEN L. O'BRIEN +

*ADMITTED NY & MA
+ADMITTED NY & CT

**Southampton Office:**
**(By Appointment Only)**

June 24, 2026

**VIA ECF**

Hon. Nusrat J. Choudhury, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

Re: *A.D. and S.G. v. County of Suffolk, et al.*, Civil Action No. 2:26-cv-00816 (NJC) (SIJ)

Dear Judge Choudhury:

Since my June 9, 2026 letter to the Court on behalf of my client Assistant District Attorney ("ADA") Katherine Flinchum (ECF #29), I have been retained to represent the following Defendants, who were recently added to this action by the Amended Complaint (ECF #22), both individually and in their official capacities: ADA Raphael Pearl, DA Raymond A. Tierney, ADA Jed L. Painter, and ADA James G. Chalifoux (collectively "the Prosecutor Defendants"). (ECF #12.) Pursuant to this Court's Minute Orders of May 21, 2026 and June 12, 2026 and this Court's Individual Rule 5.1.1, I submit this letter on behalf of ADA Pearl, DA Tierney, ADA Painter, and ADA Chalifoux requesting a pre-motion conference with the Court in order to obtain permission to file a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The Amended Complaint (ECF #22) alleges that Plaintiffs A.D. and S.G., apparently mother and daughter, are rape or sexual abuse victims whose rights were violated

when the Prosecutor Defendants refused to prosecute Joshua Mizrachi for serious sex crimes allegedly committed by him against Plaintiffs, his ex-wife and stepdaughter. Although Plaintiffs have reduced the number of causes of action from 12 to eight, the Amended Complaint contains 52 more paragraphs than the original Complaint. Plaintiffs have increased their request for compensatory damages from not less than $100,000 (ECF #1, ¶¶ m and n) to not less than $5,200,000 (ECF #22, ¶¶ n and o).

The Seventh Cause of Action, which seeks injunctive relief for alleged violations of the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and 42 U.S.C. § 1983, must be dismissed as against the Prosecutor Defendants for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), because in that count Plaintiffs impermissibly seek for this Court to review the decision of a criminal court dismissing criminal charges against Mizrachi and to oversee pending or upcoming state court proceedings. *See, e.g., In re Maryash*, No. 1:23-CV-7524 (LTS), 2023 U.S. Dist. LEXIS 198840, at *8-*9, 2023 WL 7301812 (S.D.N.Y. Nov. 6, 2023) (applying *Rooker-Feldman* to dismiss that part of complaint seeking criminal prosecution of unnamed individuals who allegedly kidnapped plaintiff's children in connection with a child custody dispute); *Wilson v. Emond*, 373 F. App'x 98 (2d Cir.) (affirming application of *Younger* abstention to dismiss unappealed challenge to state bar decision denying application for admission to practice), *cert. denied*, 561 U.S. 1031 (2010); *Sobel v. Prudenti*, 25 F. Supp. 3d 340 (E.D.N.Y. 2014) (*Younger* abstention prohibited court from exercising jurisdiction to grant injunctive relief in state court child custody proceeding). Moreover, Plaintiffs cannot bring a claim under the CVRA because it "does not apply outside the context of a federal criminal case." *Alcala v. Office of Crime Victims Servs.*, No. 23-CV-09507(EK)(LB), 2025 LX 142742, at *4-5, 2025 WL 43162 (E.D.N.Y. Jan. 7, 2025). Finally, Plaintiffs cannot state a claim under Section 1983 because the right they seek to have vindicated is an alleged right to have Mr. Mizrachi prosecuted, but it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

All claims for damages against the Prosecutor Defendants in their official capacities (First, Second, Third, Fourth, Fifth, Sixth, and Eighth Causes of Action) must be treated as claims against the State and dismissed on the ground of Eleventh Amendment immunity. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529-530 (2d Cir. 1993).

As prosecutors, the Prosecutor Defendants are absolutely immune from suit for money damages based on conduct related to the judicial phase of the criminal

process, including "investigative acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution, or to defend a conviction." *Giraldo v. Kessler*, 694 F.3d 161, 165-166 (2d Cir. 2012). 166. Absolute immunity bars suit "unless a prosecutor proceeds in the clear absence of all jurisdiction." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), "regardless of the wrongfulness of [the prosecutor's] motive or the degree of injury caused," *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004). Therefore, the Prosecutor Defendants are entitled to dismissal, on the ground of absolute prosecutorial immunity, of the following causes of action: First (deprivation of Plaintiffs' First Amendment right to free speech), Second (retaliation against Plaintiffs for exercising their First Amendment rights), Third (abuse of process by failing to prosecute Mizrachi), Fourth (discrimination against Plaintiffs due to their status as domestic violence and sexual abuse victims, where the mother of the sexual abuse victim was married to the alleged perpetrator, in violation of the Equal Protection Clause), Fifth (wrongful termination of criminal charges against Mizrachi in violation of Plaintiffs' rights under the Due Process Clause), Sixth (defamation in a March 28, 2025 legal proceeding), and Eighth (violation of N.Y. Soc. Serv. Law § 422(4), (5), (7), and (12)). All of the aforementioned counts concern the Prosecutor Defendants' assessment of the evidence, preparation for trial, and their statements to Plaintiffs and to the court concerning the evidence, which are basic prosecutorial functions for which each is absolutely immune from suit for damages.

If absolute immunity does not bar the Sixth Cause of Action, that claim must be dismissed because all of the statements ADA Flinchum made to the court on March 28, 2025, allegedly with the control, direction, or input of the Prosecutor Defendants, as well as any statements ADA Flinchum or the Prosecutor Defendants made to Plaintiffs or to other individuals, in or out of court, were pertinent to the criminal prosecution of Mr. Mizrachi and are absolutely privileged under New York common law. *See Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 146 (E.D.N.Y. 2010); *Park Knoll Assocs. v. Schmidt*, 59 N.Y.2d 205, 209, 464 N.Y.S.2d 424, 426, 451 N.E.2d 182, 184 (1983); *Martirano v. Frost*, 25 N.Y.2d 505, 507, 255 N.E.2d 693, 307 N.Y.S.2d 425 (1969); El Jamal v. Weil, 116 A.D.3d 732, 734, 986 N.Y.S.2d 146, 148 (2nd Dept. 2014). Likewise, the Eighth Cause of Action must be dismissed because "a private right of action for money damages cannot be fairly implied from title 6 of the Social Services Law." *Mark G. v. Sabol*, 93 N.Y.2d 710, 722, 695 N.Y.S.2d 730, 735, 717 N.E.2d 1067, 1072 (1999).

Respectfully submitted,

Stephen L. O'Brien
Attorney for ADA Katherine Flinchum