UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
A.D. and S.G.,

Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, SUFFOLK COUNTY ATTORNEY, SUFFOLK COUNTY POLICE DEPARTMENT, KATHERINE FLINCHUM, RAPHAEL PEARL, RAYMOND A. TIERNY, JED L. PAINTER, JAMES G. CHALIFOUX, CHRISTOPHER J. CLAYTON, WILLIAM T. FERRIS III, EROL D. TOULON, JR., DANIEL MONAHAN, and JOHN DOES #1-#13,

Defendants.
-------------------------------------------------------------X

**ORDER**
26-CV-816(NJC)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this action asserting claims arising under 42 U.S.C. § 1983 ("Section 1983") and New York state law, on referral from the Honorable Nusrat J. Choudhury, is Defendants' County of Suffolk, Katherine Flinchum, Suffolk County Attorney, Suffolk County District Attorney's Office, and Suffolk County Police Departments (collectively, the "County") motion to disqualify the counsel of Plaintiffs A.D. and S.G. (together, "Plaintiffs"). *See* Docket Entry ("DE") [9]. Defendant Katherine Flinchum ("Flinchum" and, together with the County, "Defendants") filed a separate letter joining in the County's motion.[1] DE

[1] Flinchum was initially represented by the County's attorneys when the motion to disqualify was filed. The County's attorney subsequently withdrew from representing Flinchum, DE [13], and she filed a separate letter joining the County's motion. DE [17].

[17]. Plaintiffs oppose. DE [11], [19]. For the reasons set forth herein, the motions to disqualify, DE [9], [17], are granted in part and denied in part.

## I. BACKGROUND

### A. Relevant Facts

Plaintiffs allege that they are victims of domestic violence and sexual assault committed by non-party Joshua Mizrachi ("Mizrachi").[2] *See* Amended Complaint ("Am. Compl."), DE [22], ¶ 20. Plaintiffs filed the initial Complaint and Amended Complaint using pseudonyms, and while A.D.'s identity remains anonymous, it has been disclosed that S.G. is attorney Sarah Gitomer ("Gitomer"). DE [9] at 2. Gitomer represents both herself and A.D. in this action. Moreover, although not specifically alleged, the Amended Complaint supports an inference that Gitomer is A.D.'s mother. *See* Am. Compl. ¶¶ 37-40 (noting that Gitomer confronted Mizrachi about the alleged assault of A.D.); *id.* at ¶¶ 56-58, 145, 205, 210-16 (referencing instances where a child victim's mother was married to the abuser).

Plaintiffs allege that, beginning in 2010, when A.D. was 4 years old, Mizrachi began "grooming" her. *Id.* at ¶ 21. In 2014, when A.D. was 8 years old, Mizrachi began sexually abusing her, which continued for several years. *Id.* at ¶ 22. During this time, Gitomer and Mizrachi were married, but Gitomer was unaware of the alleged abuse. *Id.* at ¶¶ 24-25. In or about June 2021, Gitomer uncovered a notebook in A.D.'s room describing Mizrachi's sexual abuse. *Id.* at ¶ 34. This was the first that Gitomer learned of Mizrachi's conduct. *Id.* A copy of A.D's notebook was ultimately

---

[2] The merits of the underlying allegations are not presently at issue and are summarized solely to provide context for the instant motions.

provided to the police in connection with Mizrachi's criminal prosecution. *Id.* In 2021, A.D. began therapy and further disclosed Mizrachi's sexual abuse. *Id.* at ¶ 35. On or about July 6, 2021, Gitomer attended a joint therapy session with A.D., during which, for the first time, A.D. "verbally disclosed the sexual abuse perpetrated by [Mizrachi]" in Gitomer's presence. *Id.* at ¶ 36.

When Gitomer eventually learned of the abuse, she sought to divorce Mizrachi, after which, Mizrachi allegedly physically and sexually assaulted Gitomer. *Id.* at ¶¶ 37-39. After reporting this conduct to Defendant Suffolk County Police Department ("SCPD"), the Suffolk County District Attorney ("SCDA") brought criminal charges against Mizrachi. *Id.* at ¶¶ 40-41. Plaintiffs do not allege the disposition of any related criminal proceedings. Later, Defendants County of Suffolk and Defendant Suffolk County Attorney filed Abuse/Neglect petitions in the Suffolk County Family Court, resulting in the finding of domestic abuse as well as entry of a Supervision Order and Orders of Protection for Plaintiffs. *Id.* at ¶¶ 42-43.

Plaintiffs allege that Defendants violated their rights arising under Section 1983 and New York state law by, among other things, failing to adequately investigate and prosecute their claims of abuse and by "enact[ing] procedures to deprive domestic violence victims and child sex abuse victims of their rights to free speech, retaliat[ing] against the domestic violence victims who do exercise the right to free speech, and conduct[ing] other violation[s] of due process . . . ." *Id.* at ¶¶ 56, 165-257. More specifically, Plaintiffs allege that Defendants retaliated against them because of their attempts to publicize their alleged constitutional violations,

including continued refusal to enforce Orders of Protection and requiring that Gitomer face her abuser on a weekly basis. *Id.* at ¶¶ 70, 152-56.

### B. Procedural Background

On February 2, 2026, Plaintiffs initially filed their Complaint under the pseudonyms A.D. and S.G., DE [2], asserting claims arising under Section 1983 and New York state law. DE [2]. On May 20, 2026, Plaintiffs filed the Amended Complaint, which is the operative pleading, again using the pseudonyms A.D. and S.G. DE [22]. The Amended Complaint asserts substantially similar causes of action as in the original Complaint. On March 10, 2026, prior to the filing of the Amended Complaint, the County filed the instant motion to disqualify Gitomer as counsel on the grounds that she is "both a participant and a witness to the events in the Complaint . . . ." DE [9]. According to the County, "Ms. Gitomer must be disqualified as counsel as a matter of law." *Id.* On April 2, 2026, Flinchum filed a separate letter joining the County's motion, DE [17].

## II. DISCUSSION

Both the County and Flinchum seek disqualification of Gitomer based upon the witness-advocate rule. The New York Rules of Professional Conduct provide that "[a] lawyer shall not act as [an] advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . ." N.Y. R. Prof. Conduct 3.7; *Superb Motors Inc. v. Deo*, No. 23-CV-6188(JMW), 2023 WL 8358062, at *5 (E.D.N.Y. Dec. 1, 2023) (observing that the witness-advocate rule "prohibits an attorney from representing a party in [a] case where the attorney will or 'ought to' be

called as a witness") (quoting *Rizzuto* v. *De Blasio*, No. 17-CV-7381(ILG)(ST), 2019 WL 1433067, at *3 (E.D.N.Y. Mar. 29, 2019)).

The witness-advocate rule is meant to address various concerns, which are laid out by the Second Circuit:

> (1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client.

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282-83 (2d Cir. 2004). Generally, an attorney is barred from representing a client if the attorney's testimony is necessary and has a risk of tainting the proceedings. *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009); *see Hempstead Video, Inc v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). Where the attorney's involvement in the underlying facts was pervasive and her testimony will obviously be required, courts have consistently disqualified the attorney from serving either at trial or in the pre-trial stages of the case. *Rizzuto*, 2019 WL 1433067, at *8; *see Gleason v. Zocco,* 941 F. Supp. 32, 35-36 (E.D.N.Y. 1996) (disqualifying plaintiff's counsel at the beginning of the case due to his "extensive personal involvement in every aspect of the underlying controversies that led to this lawsuit"); *Fulfree v. Manchester,* 945 F. Supp. 768, 772 (S.D.N.Y. 1996) ("There is no justification for allowing [the attorney] to represent plaintiff during the pre-trial aspect of this litigation when it is clear that he may be a material witness at trial, and it is clear that he could be required to testify."). Ultimately, the court must balance the parties'

interests, weighing the preservation of integrity and professional ethics against the judicial economy and a party's right to their choice of counsel. *European Cmty. v. RJR Nabisco, Inc.*, 134 F. Supp. 2d 297, 303 (E.D.N.Y. 2001)..

Initially, Gitomer may proceed *pro se*, representing herself. *Powell v. Grajales*, No. 25-CV-2178(GRB)(JMW), 2025 WL 2696509, at *1 (E.D.N.Y. Sept. 22, 2025) ("[W]hen an individual chooses the path of self-representation but happens to be an admitted attorney, that person has the same rights as any other to represent him or herself."); *see* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally . . . ."). Gitomer's representation of A,D., however, is inappropriate. While decisions regarding disqualification are often made at the trial stage, given Gitomer's relationship with A.D., the fact that Gitomer uncovered the facts underlying A.D.'s claims, that Gitomer and A.D. attended therapy together discussing their alleged abuse, and the fact they are both asserting the same claims against Defendants, Gitomer should be disqualified from representing A.D. *Rizzuto*, 2019 WL 1433067, at *8; *Gleason,* 941 F. Supp. at 35-36; *Fulfree,* 945 F. Supp. at 772. Accordingly, the motion to disqualify Gitomer from representing herself is denied, and the motion to disqualify her from representing A.D. is granted.

## III. CONCLUSION

For the reasons set forth herein, the County's motion to disqualify counsel, DE [9], with which Flinchum joins, [17], are both granted in part and denied in part. The motions are granted in that Gitomer is disqualified from representing A.D. and denied in that she may continue to represent herself.

Dated: Central Islip, New York
July 25, 2026

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge